UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK H. DEAN, AS TRUSTEE OF THE CT RE 2019 TRUST | : CIVIL ACTION NO. <br> : 3-20cv1212(KAD) |
| Plaintiff, | : |
| V. | : |
| PATRICK L. CARROLL, III, CHIEF COURT ADMINISTRATOR, STATE OF CONNECTICUT | : |
| Defendant. | : AUGUST 18, 2020 |

## COMPLAINT

I. **JURISDICTION**

This case is brought to redress a deprivation of rights under the United States Constitution pursuant to 42 U.S.C. § 1983, including a violation of the takings clause under the Fifth Amendment of the United States Constitution which provides that property shall not be taken for public use without an available procedure that will result in compensation which is applied to the States under the Fourteenth Amendment. Jurisdiction is provided under 28 U.S.C. § 1331 to address this federal question.

II. **VENUE**

Venue is appropriate pursuant to 28 U.S.C. § 1391(b).

### III. WRIT OF MANDAMUS

1. Article First, Section 10 of the Constitution of the State of Connecticut states that "All courts shall be open, and every person, for an injury done to his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." The Courts of the State of Connecticut have been closed at least in part since mid-March, 2020, including the ability of state judges to enter judgments of strict foreclosure of real property.

2. The plaintiff holds a first mortgage on a property known as 4 Jefferson Crossing, Farmington, Connecticut (the "subject property"), in an amount now due of over $2.4 million.

3. The mortgagor of said property, Fotis Dulos, died on January 30, 2020.

4. On June 10, 2020, Attorney Christopher Hug was appointed as the Administrator of the Estate of the decedent Fotis Dulos, and is acting as such, but was previously appointed Temporary Administrator by ex party decree on February 6, 2020 and has been serving in that capacity for months.

5. Pursuant to Connecticut common law, a mortgage conveys defeasible title subject to defeasance only through judicial foreclosure which

extinguishes the mortgagor's equitable right of redemption unless full payment is made to the mortgagee.

6. The defendant is the Chief Court Administrator of the Courts of the State of Connecticut, is acting in that capacity, and is sued herein in that capacity.

7. The subject property contains a large residence which is vacant and has been vacant since at least February of 2020, subsequent to Dulos' death.

8. The subject property requires substantial payments to the Town of Farmington for real estate taxes, insurance expenses, maintenance and security expenses, presently being paid by the plaintiff, all of which are increasing the amount due and owing to the plaintiff, let alone the accrual of interest. The Dulos Estate is insolvent and does not have the financial wherewithal to pay any of the ongoing expenses of the property, and is faced with a deficiency judgment, as provided by Conn. Gen. Stat. § 49-1 and 49-14.

9. The plaintiff is already the largest creditor of the Dulos Estate, and there is no realistic chance that the plaintiff will be able to recover the full amount of the plaintiff's present claim, let alone additional losses which will result from an increasing deficiency judgment in regard to the foreclosure of the subject property.

10. The Administrator of the Dulos Estate, Attorney Christopher Hug, has determined that the continued ownership of the subject property is a liability to the Estate, not only in regard to the taxes and maintenance, but also in regard to the increased amount of plaintiff's claim and amount of a deficiency judgment which already approximates $500,000.

11. Further, it is only through the liquidation of the subject property that the plaintiff will be able to recover some of the lost funds, and relieve the plaintiff of the burden of having to financially and physically take care of a vacant residence as to which the Dulos Estate realistically has no economic interest.

12. The plaintiff has moved for judgment of strict foreclosure, but has been advised that the judges of the Superior Court have been precluded from entering judgments of foreclosure due to certain Executive Orders issued in response to the COVID-19 pandemic. There is no opposition to the foreclosure. Notwithstanding the Governor's Orders, the judiciary is a co-equal branch of government.

13. This case involves a default in payments that commenced in November of 2018 and is not in any way related to non-payment due to the mortgagor being affected by the COVID-19 pandemic.

14. The Chief Court Administrator of the State of Connecticut should be ordered to allow the judges of the Superior Court to distinguish between COVID-19 affected cases, and those that are not affected, and particularly those that are uncontested and do not require even a court appearance because they can be granted without opposition such as the instant case.

15. Every day that the strict foreclosure is delayed is detrimental to the plaintiff who is the Trustee for Gloria Farber, mother of Jennifer Farber, grandmother and legal guardian of the five Dulos children.

16. The plaintiff is attempting to recover funds ultimately for the benefit of the Dulos children. Ironically, the Administrator of the Dulos Estate, Attorney Christopher Hug, recently had inquiry into acquiring the subject property, but the potential buyer's attorney indicated because of the uncertainty as to the status of the foreclosure, his client went elsewhere.

17. There is no good cause why the judges of the Superior Court should not be allowed to enter judgment in the case entitled *Mark H. Dean, as Trustee of the CT RE 2019 Trust, Docket # HHD-19-6116846 S.*

18. Further, the U.S. Constitution as well as the State of Connecticut Constitution guarantee due process of law and redress of wrongs and property

rights. The "in limbo" status of the above case amounts to a <u>taking</u> every day without an available procedure to receive just compensation.

19.    The Constitution of the State of Connecticut guarantees open courts, as does the U.S. Constitution, and the defendant Chief Court Administrator is interfering with those Constitutional rights, to the substantial detriment of the plaintiff.

20.    The plaintiff seeks a mandamus ordering the Chief Court Administrator to allow a judge of the Superior Court to enter judgment of strict foreclosure in regard to the 4 Jefferson Crossing, Farmington, Connecticut foreclosure proceeding to avail the plaintiff of his remedies as provided by law and to extinguish the indefinite expenditure of funds to maintain the subject property.

WHEREFORE, the plaintiff claims:

1. A mandamus ordering the Chief Court Administrator of the State of Connecticut to allow a Superior Court judge to enter judgment of strict foreclosure in the case entitled *Mark H. Dean, as Trustee of the CT RE 2019 Trust, Docket # HHD-19-6116846 S.*

2. Such other legal and equitable relief as the court deems appropriate.

                    PLAINTIFF,

By_____
    Richard P. Weinstein, Esquire
    WEINSTEIN & WISSER, P.C.
    29 South Main Street, Suite 207
    West Hartford, CT  06107
    Telephone No. (860) 561-2628
    Federal Bar No. ct06215

Please enter the appearance of Richard P. Weinstein for the plaintiff.

_____
Richard P. Weinstein