UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK H. DEAN, AS TRUSTEE OF THE CT RE 2019 TRUST | : : : | CIVIL ACTION NO. |
| Plaintiff, | : : | 3:20cv01212 (KAD) |
| V. | : : | |
| PATRICK L. CARROLL, III, CHIEF COURT ADMINISTRATOR, STATE OF CONNECTICUT | : : : : | |
| Defendant. | : : | SEPTEMBER 10, 2020 |

## AMENDED COMPLAINT

Plaintiff, by and through his undersigned attorney, hereby amends his complaint as a matter of right, and does allege and say:

### NATURE OF PROCEEDINGS

1. This is an action under 42 U.S.C. § 1983 for injunctive relief and damages concerning the deprivation of Plaintiff's property rights arising from Defendant's blanket ban of foreclosure proceedings in Connecticut Superior Court. While ostensibly intended to protect individuals during the COVID-19 pandemic, the ban makes no exception for foreclosures that do not affect any individual, such as the present one: The mortgagor has been deceased since January 30, 2020, and the mortgaged property is vacant. Nonetheless, Defendant has imposed an indefinite ban that deprives Plaintiff of title and use

of Plaintiff's property, while significant carrying costs continue to accrue.

## PARTIES

2.     Plaintiff Mark H. Dean is a natural person residing in Connecticut and brings this suit in his capacity as Trustee of the CT RE 2019 Trust.

3.     Defendant Patrick Carroll, III, is a natural person residing in Connecticut and is being sued in his capacity as the Chief Court Administrator of the State of Connecticut Judicial Branch.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves questions arising under the Constitution of the United States and is brought to redress the deprivation, under the color of State law, of Plaintiff's rights as citizens of the United States.

5.     This Court has personal jurisdiction over Defendant as he is a resident of and is sued in his capacity as an officer of the State of Connecticut.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this district and the events, omissions, and property giving rise to Plaintiff's claims occurred/are located in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff is the mortgagee of a first mortgage ("Mortgage") on a property known as 4 Jefferson Crossing, Farmington, Connecticut ("Subject Property"), securing a debt of over $2.4 million ("Secured Debt"). Pursuant to Connecticut law, the Mortgage gives Plaintiff legal title to the Subject Property, subject to the mortgagee's equitable right of redemption.

8. The Mortgage is not federally insured.

9. Fotis Dulos (deceased) was the mortgagee of the Mortgage.

10. Plaintiff holds the mortgage as trustee and for the benefit of Gloria Farber, mother of Jennifer Farber and grandmother and legal guardian of Dulos and Farber's five children.

11. Dulos defaulted in paying the secured debt in November of 2018.

12. On September 9, 2019, Plaintiff commenced a foreclosure action regarding the Subject Property in Connecticut Superior Court, captioned *Mark H. Dean, as Trustee of the CT RE 2019 Trust v. Fotis Dulos, et al.*, HHD-CV19-6116846-S ("Foreclosure Action").

13. Dulos died on January 30, 2020.

14. The Subject Property has been vacant since at least February of 2020, subsequent to Dulos' death.

15. Dulos' Estate ("Estate") is insolvent.

16. The Subject Property requires substantial payments, including real estate taxes, insurance, security, and maintenance.

17. To protect the value of his security, and in light of the Estate's insolvency, Plaintiff is currently paying said expenses. Pursuant to the terms of the mortgage and Connecticut law, said amounts are being added to the amount of the Secured Debt (in addition to the normal accrual of interest).

18. Moreover, to the extent the amount of the Secured Debt exceeds the value of the Subject Property, which it is anticipated to be the case, Plaintiff will pursue a deficiency judgment against the Estate.

19. The Administrator of the Estate, Attorney Christopher Hug, has determined that it is not in the best interests of the Estate to continue to own the Subject Property as it is a growing liability against the Estate.

20. On March 10, 2020, Governor Ned Lamont of the State of Connecticut issued Executive Order No. 7G, which, in relevant part, suspended the statutory time limit for rendering judgments and other time requirements in civil actions in Connecticut Superior Courts.

21. On March 19, 2020, Defendant issued an order for the Connecticut Judicial Branch that cancelled "ALL" pending foreclosure sales, postponed all scheduled law days, and cancelled all non-"Priority 1" functions (foreclosure proceedings are not a "Priority 1" matter). Moreover, Defendant has continued

to issue orders postponing foreclosure sales that had been previously scheduled.

22. Defendant's orders extending foreclosure dates are ostensibly for a public use in reaction to the impacts of COVID-19. Specifically, Defendant's orders are in furtherance of: (1) A perceived need to limit in-person courtroom proceedings to maintain social distancing recommended by public health authorities; and (2) a perceived need to protect individuals' housing accommodations during the economic impacts of COVID-19.

23. Defendant's orders make no distinction between foreclosure actions based on whether they involve persons physically or economically affected by COVID-19, whether they are uncontested, and whether they could be conducted entirely by remote hearing or even without a hearing. Defendant's orders also do not permit Superior Court judges to draw such distinctions.

24. On June 24, 2020, Plaintiff filed a motion for judgment of strict foreclosure ("Motion for Judgment") in the Foreclosure Action. No objection has been filed. Nonetheless, the court ordered the Motion for Judgment "off," stating that "[t]he judicial branch is not yet conducting foreclosure hearings."

25. Despite subsequent requests and filings for the motion to be resolved, the court has taken no further action to the unopposed Motion for

Judgment and there is no set or estimated time that the Motion will be heard or decided by the court.

26. Each day that passes in the Foreclosure Action imposes significant costs on Plaintiff because of the undefined stay that erodes and eventually consumes the entire value of the Secured Property as security for the underlying debt, as Plaintiff will not be able to recover these costs in a deficiency judgment against the insolvent Estate.

**FIRST COUNT – Violation of Procedural Due Process**

27. Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

28. Defendant's actions were under the color of state law.

29. Defendant's actions have deprived and/or interfered with Plaintiff's property interests in the Mortgage.

30. The procedures attendant to that deprivation and/or interference are wholly insufficient under the Constitution of the United States, as there essentially is no procedure for Plaintiff to be heard or granted relief regarding said deprivation and/or interference.

31. As a result, Plaintiff has suffered harm.

**SECOND COUNT – Violation of Substantive Due Process**

32. Plaintiff hereby incorporates by reference the preceding

paragraphs as though fully set forth herein.

33. While depriving Plaintiff of his rights, Defendant's conduct does not rationally further any legitimate interest and otherwise shocks the conscience. The mortgagee is dead, the Subject Property is empty, and the foreclosure can proceed without any in-person hearing because the Administrator of the Estate consents to it. Yet, Defendant has issued successive orders over several months indefinitely postponing all foreclosures without developing any means or opportunity to distinguish between which foreclosures may not further any legitimate governmental interest.

34. As a result, Plaintiff has suffered harm.

**THIRD COUNT - Takings**

35. Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

36. The Takings Clause of the Fifth Amendment of the United States Constitution provides that private property shall not "be taken for public use, without just compensation."

37. Defendant's orders are purportedly for a public use.

38. Defendant's orders have effected a taking of Plaintiff's property, in that they have deprived Plaintiff of all use of the Subject Property and eliminated a substantial amount of, and will eventually eliminate all of, the

value of the Mortgage.

39. These orders have been implemented and enforced without just compensation to Plaintiff.

40. As a result, Plaintiff has suffered harm.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment his favor against Defendant, and seeks relief for:

1. An injunction directing Defendant to revoke or revise the orders to allow uncontested strict foreclosures to proceed to judgment and the setting of law days;

2. Compensatory damages;

3. An award of costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1988; and

4. Such other and further relief as this Court deems appropriate.

PLAINTIFF,

By /s/Richard P. Weinstein _____
Richard P. Weinstein, Esquire
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone:  860-561-2628
Email:  rpw@weinsteinwisser.com
Federal Bar No. ct06215

## CERTIFICATION

I hereby certify that on this 10th day of September, 2020, a copy of the foregoing was filed electronically and served by mail upon anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/Richard P. Weinstein_____
Richard P. Weinstein